LUTHER O. POLAND *vs.* ALWILDA S. DAVIS AND JAMES B. DAVIS.

Knox.    Opinion August 29, 1907.

*Pleading.    Pleas Puis Darrein Continuance.    Demurrer.    Repleader.*

In pleas puis darrein continuance, after the cause has been continued, great certainty is always required and it is not sufficient to say generally that after the last continuance such a thing happened, but the day of continuance must be alleged where the matter of defence arose.

The omission to state in the plea puis darrein continuance the day of the last continuance is fatal.

The plea puis darrein continuance waives all former pleadings, and if on demurrer it is adjudged bad, the judgment goes in chief unless the court allows a repleader, on terms, which it may do.

In the case at bar, the plea puis darrein continuance, did not state the day of the last continuance, and was therefore *held* to be fatally defective.

On exceptions both by plaintiff and by defendants.    Plaintiff's exceptions sustained.    Defendants' exceptions overruled.

Real action to recover certain real estate situate in the town of Cushing.    Entered and first tried at the April term, 1904, of the Supreme Judicial Court, Knox County.    Verdict for plaintiff.    On the defendants' exceptions the verdict was set aside.    (See *Poland* v. *Davis et al.*, 99 Maine, 345.)    At the December term, 1904, of said court, the action was "referred to the court with leave to except," and was heard by the presiding Justice at the April term, 1907, of said court.

All the material facts appear in the opinion.

*Frank B. Miller and Arthur S. Littlefield,* for plaintiff.

*David N. Mortland,* for defendants.

SITTING : WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

STROUT, J.    Writ of entry, entered at April term, 1904.    Plea, general issue.    Case tried at that term, resulting in verdict for demandant.    Exceptions to ruling of presiding Justice sustained by

the Law Court, and at the December term, 1904, case submitted to the presiding Justice with right of exceptions. The case was then continued from term to term till the April term, 1907, when defendants filed a plea puis darrein continuance that demandant pending the action had conveyed to a third party the demanded premises. To this plea plaintiff demurred. The presiding Justice overruled the demurrer, adjudged the plea good and ordered judgment for the plaintiff for his costs up to the time of filing said plea, and judgment for defendants' costs after the filing thereof. To the overruling the demurrer the plaintiff excepted, and the defendants excepted to the ruling as to costs.

In pleas puis darrein continuance, after the cause has been continued, "great certainty was always required," and it "was not sufficient to say generally that after the last continuance such a thing happened, but *the day* of the continuance must have been alleged where the matter of defence arose." Chitty's Pleading, Vol. 1, p. 660.

The omission to state in the plea the day of the last continuance is fatal. *Cummings* v. *Smith*, 50 Maine, 569 ; *Jewett* v. *Jewett*, 58 Maine, 234 ; *Augusta* v. *Moulton*, 75 Maine, 551 ; *Field* v. *Cappers*, 81 Maine, 36. In *Rowell* v. *Hayden*, 40 Maine, 582, this question was not raised or decided.

The plea in this case does not state the day of the last continuance, and is therefore fatally defective. It is not necessary to consider other objections to the plea.

The plea waives all former pleading, and if on demurrer it is adjudged bad, the judgment goes in chief unless the court allows a repleader, on terms, which it may do as decided in *Augusta* v. *Moulton*, supra. This result renders the defendants' exceptions unimportant, and they are overruled.

To avoid a possible injustice, a repleader will be awarded.

> *Plaintiff's exceptions sustained. Demurrer sustained. Plea bad. Repleader nunc pro tunc awarded on payment of costs since filing the plea.*